IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAMITA DELITZ, | ) |
| Plaintiff, | ) Case No. 1:14-cv-10176 |
| v. | ) Judge: Elaine E. Bucklo |
| PORTFOLIO RECOVERY ASSOCIATES, L.L.C., a Delaware limited liability company, | ) |
| Defendant. | ) |

**ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COMES Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC ("PRA"), by and thought its attorneys, David M. Schultz, Avanti D. Bakane and Lindsey A.L. Conley of Hinshaw & Culbertson LLP, and for Answer & Affirmative Defenses to Plaintiff's Complaint, states as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") and violations of the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1, et. seq. ("ICFA").

**ANSWER:** Defendant admits that Plaintiff purports to bring this action for damages for Defendant's alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA") and the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1, *et. seq.* ("ICFA") but denies that Plaintiff has any such claims herein.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692 (FDCPA) and 28 U.S.C. §§1331, 1337,

as this action arises under the laws of the United States and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.

**ANSWER:  Defendant admits that Plaintiff brings this action for purported violations of the FDCPA.  Defendant denies that Plaintiff has any such claims herein and denies that jurisdiction is proper.  Defendant denies any remaining allegations in paragraph 2 of Plaintiff's Complaint.**

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**ANSWER:  Defendant admits that in certain circumstances and in certain instances, it does business in this District.  Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in paragraph 3 of Plaintiff's Complaint.  Defendant does not contest venue in this case.**

## PARTIES

4. Damita is a natural person who resides in the Northern District of Illinois and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

**ANSWER:  Defendant admits that Damita is a natural person. In further answering, Defendant lacks knowledge or information sufficient to form a belief as to where Plaintiff currently resides. Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff is a "consumer" because Defendant is lacks knowledge or information sufficient to form a belief as to the purpose for which Plaintiff incurred the amount which is sought to collect. Defendant denies any remaining allegations in paragraph 4 of Plaintiff's Complaint.**

130980825v1 0968309

5.      At all times relevant to the action, Portfolio was a Delaware Limited Liability Company with its principal office located at 120 Corporate Boulevard, Norfolk, Virginia 23502 and its registered agent in Illinois is Illinois Corporation Service C located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

**ANSWER:    Defendant admits that it is a Delaware limited liability company and admits that it has its principal place of business at 120 Corporate Blvd., Suite 100, Norfolk, Virginia 23502.  Defendant admits that its' Illinois registered agent is Illinois Corporation Service C, 801 Adlai Stevenson Drive, Springfield, Illinois 62703.  Defendant denies any remaining allegations of paragraph 5 of Plaintiff's Complaint.**

6.      Portfolio is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

**ANSWER:    Defendant admits that in certain circumstances and in certain instances, it acts as a "debt collector" as defined by the FDCPA, U.S.C. § 1692a(6).  Defendant admits that in certain circumstances and in certain instances, it uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.  Defendant denies any remaining allegations in paragraph 6 of Plaintiff's Complaint.**

FACTS SUPPORTING CAUSE OF ACTION

7.      Portfolio has been attempting to collect, from Damita, an alleged consumer debt in the amount of $1,523.94.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to whether the financial obligation incurred by Plaintiff is a "consumer debt" as defined under the FDCPA because Defendant is without knowledge or information sufficient to form a belief as to the purpose for which Plaintiff incurred the amount which it**

3

sought to collect. Defendant admits that it attempted to collect an outstanding financial obligation in the amount of $1,523.94 Plaintiff incurred. Defendant denies any remaining allegations of paragraph 7 of Plaintiff's Complaint.

8. On May 2, 2014, Portfolio's in-house counsel filed a complaint in the Circuit Court of Cook County, Illinois against Damita. The case was captioned *Portfolio Recovery Associates, L.L.C. v. Damita Delitz* case number 2014 M1 125731 ("Collection Case"). See Exhibit A, a true and correct copy of the Collection Case court docket.

**ANSWER: Defendant admits the allegations in paragraph 8 of Plaintiff's Complaint.**

9. Portfolio filed the Collection Case at the Richard J. Daley Center Courthouse. *Id.*

**ANSWER: Defendant admits the allegations in paragraph 9 of Plaintiff's Complaint.**

10. The Richard J. Daley Center Courthouse serves Cook County's First Municipal District. See Exhibit B, a true and correct copy of a map of the Circuit Court of Cook County Municipal Districts and Courthouses.

**ANSWER: Defendant admits the allegations in paragraph 10 of Plaintiff's Complaint.**

11. Civil matters that do not meet the damages threshold to be filed in the Law Division of the Circuit Court of Cook County are assigned to the Circuit Court's Civil/Municipal Division.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 11 of Plaintiff's Complaint.**

12. Cases filed in the First Municipal District are identified by the abbreviation "M1."

**ANSWER: Defendant admits the allegations in paragraph 12 of Plaintiff's Complaint.**

130980825v1 0968309

13. Damita resides at 224 South 21st Avenue, Maywood, Illinois 60153.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 13 of Plaintiff's Complaint because Defendant lacks knowledge or information sufficient to form a belief as to where Plaintiff currently resides. Defendant denies any remaining allegations of paragraph 13 of Plaintiff's Complaint.**

14. Maywood, Illinois is located in Cook County, but is located within the Circuit Court of Cook County's Fourth Municipal District. *Id.*

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 14 of Plaintiff's Complaint.**

15. The Maywood Courthouse is the courthouse that serves the Circuit Court of Cook County's Fourth Municipal District. Id.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 15 of Plaintiff's Complaint.**

16. The Richard J. Daley Center Courthouse is 14 miles from Damita's home.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 16 of Plaintiff's Complaint because Defendant is lacks knowledge or information sufficient to form a belief as to where Plaintiff resides.**

17. In contrast, the Maywood Courthouse is 2.6 miles from Damita's home.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 17 of Plaintiff's Complaint because Defendant is lacks knowledge or information sufficient to form a belief as to where Plaintiff resides.**

130980825v1 0968309

18. In order for Damita to travel to the Maywood Courthouse from her home, she would merely have to drive on Washington Boulevard and park in the free parking lot at the Maywood Courthouse.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 18 of Plaintiff's Complaint.**

19. According to Google Maps, the trip would take about 8 minutes.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 19 of Plaintiff's Complaint.**

20. In order for Damita to travel to the Richard J. Daley Center Courthouse, she must take Interstate 290 East to Chicago, locate expensive parking for her vehicle, and make her way there either on foot or via taxi.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 20 of Plaintiff's Complaint.**

21. According to Google Maps, this trip will take 24 minutes excluding the time spent in traffic, locating parking, and then actually making the trek to the Richard J. Daley Center Courthouse upon arrival to downtown Chicago.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 21 of Plaintiff's Complaint.**

22. The courthouse closest to Damita's home is the Maywood Courthouse.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 22 of Plaintiff's Complaint because Defendant is lacks knowledge or information sufficient to form a belief as to where Plaintiff resides.**

130980825v1 0968309

**COUNT I -- VIOLATION OF THE FDCPA AGAINST PORTFOLIO**

23. Damita repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

**ANSWER: Defendant repeats and realleges its' responses to paragraphs 1 through 22 as though fully set forth herein.**

24. The Collection Case was an attempt to collect a "consumer debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to whether the financial obligation incurred by Plaintiff is a "consumer debt" as defined under the FDCPA because Defendant is without knowledge or information sufficient to form a belief as to the purpose for which Plaintiff incurred the amount which it sought to collect. Defendant denies any remaining allegations in paragraph 24 of Plaintiff's Complaint.**

25. 15 U.S.C. §1692i(a)(2) requires that a debt collector sue a consumer in the judicial district or similar legal entity where the consumer resides at the commencement of the action.

**ANSWER: Defendant admits that the allegations in paragraph 25 of Plaintiff's Complaint purport to paraphrase the FDCPA. Defendant denies that the allegations in paragraph 25 of Plaintiff's Complaint accurately characterize the FDCPA when taken as a whole.**

26. The closest courthouse to Damita's home is the Maywood Courthouse.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 26 because Defendant is lacks knowledge or information sufficient to form a belief as to where Plaintiff resides.**

27. Portfolio violated 15 U.S.C. §1692i(a)(2) when it filed the Collection Case at the Richard J. Daley Center Courthouse, a location some 11.4 miles further from Damita's home than the Maywood Courthouse.

**ANSWER: Defendant denies the allegations in paragraph 27 of Plaintiff's Complaint.**

28. Portfolio sued Damita at a remote courthouse in order to discourage her from appearing and defending the Collection Case.

**ANSWER: Defendant denies the allegations in paragraph 28 of Plaintiff's Complaint.**

29. Portfolio's unlawful collection activities constitute abusive forum-shopping in violation of the FDCPA.

**ANSWER: Defendant denies the allegations in paragraph 29 of Plaintiff's Complaint.**

30. Defendant has shown willful and malicious disregard towards the FDCPA.

**ANSWER: Defendant denies the allegations in paragraph 30 of Plaintiff's Complaint.**

31. As pled above, Plaintiff has suffered damages as a result of Defendant's unlawful collection practices.

**ANSWER: Defendant denies the allegations in paragraph 31 of Plaintiff's Complaint.**

## COUNT II -- VIOLATION OF ICFA AGAINST PORTFOLIO

**32-47. NO ANSWER IS MADE TO ANY OF THESE PARAGRAPHS, AS DEFENDANT HAS MOVED TO DISMISS THIS COUNT.**

**AFFIRMATIVE DEFENSES**

1. Defendant states that any violation of the FDCPA which it denies occurred, was unintentional and incurred as a bona fide error in spite of procedures reasonably adapted to avoid such error.

2. Plaintiff's claims are barred by the applicable statute of limitations.

3. Defendant asserts that arbitration may be the appropriate venue for Plaintiff's claims, as, upon information and belief, Defendant may possess certain arbitration rights based on contracts entered into by Plaintiff.

4. To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

5. Defendant asserts that Plaintiff has not incurred an injury in fact, and Plaintiff does not therefore have standing under Article III of the United States Constitution to bring the instant claims.

6. Any recovery to the Plaintiff, which Defendant denies is appropriate, should be set-off by the amount that the Plaintiff owes on the underlying account.

7. The Complaint and each purported cause of action alleged therein against Defendant are barred by Plaintiff's own conduct, actions, omissions and inaction which amount to and constitute a waiver or consent of such claims and any relief sought thereby.

WHEREFORE, Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, respectfully requests that judgment be entered in its favor and against Plaintiff, that Defendant be awarded its costs and fees incurred herein, and that this Court enter such further relief as is just, necessary and proper.

130980825v1 0968309

                                      Respectfully submitted,

                                      PORTFOLIO RECOVERY ASSOCIATES, LLC, Defendant

                                      /s/ Lindsey A.L. Conley
                                      Lindsey A.L. Conley

David M. Schultz
Avanti D. Bakane
Lindsey A.L. Conley
Hinshaw & Culbertson LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601-1081
Telephone: 312-704-3000
E-Mail:  abakane@hinshawlaw.com
E-mail:   lconley@hinshawlaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 17, 2015, I electronically filed with the Clerk of the U.S. District Court, Northern District of Illinois Eastern Division, the foregoing **Answer & Affirmative Defenses to Plaintiff's Complaint** by using the CM/ECF system, which will send notification of such filing(s) to:

Penelope N. Bach
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, IL  60523
E-mail:

                                      /s/ Lindsey A.L. Conley

130980825v1 0968309