IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAMITA DELITZ, | ) |
| Plaintiff, | ) Case No. 1:14-cv-10176 |
| v. | ) Judge Elaine E. Bucklo |
| PORTFOLIO RECOVERY ASSOCIATES, L.L.C., | ) |
| Defendant. | ) |

**DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COUNT II**

Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC ("PRA") by its attorneys, David M. Schultz, Avanti D. Bakane and Lindsey A.L. Conley of Hinshaw & Culbertson LLP, present their Motion to Dismiss Count II of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of its Motion, states as follows:

**INTRODUCTION**

Plaintiff brings claims under the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. §1692i(a)(2) and ICFA, 815 ILCS 505/2, against PRA based upon a state court collection lawsuit filed against her due to her unpaid financial obligation. (*See* Dkt. #1). Plaintiff's alleged violation of the ICFA fails for at least three reasons: 1.) an alleged violation of the FDCPA does not state a claim for a violation of the ICFA; 2.) Plaintiff fails to allege a deceptive or unfair practice; 3.) Plaintiff has no damages; and 4.) the filing of the collection action does not constitute "trade or commerce" as defined by the ICFA. Consequently, Plaintiff's ICFA claim must be dismissed with prejudice.

## SUMMARY OF RELEVANT ALLEGATIONS

On or about May 2, 2014, PRA brought a collection suit against Plaintiff that was filed in the Richard J. Daley Center Courthouse of the Circuit Court of Cook County, Illinois, First Municipal District. (Plaintiff's complaint, Dkt. #1, ¶ 8). Plaintiff alleges she resides in Maywood, Illinois, and therefore, the collection suit should have been filed in the Maywood Courthouse. (Dkt. #1, ¶¶ 13-15). Plaintiff claims that in order to get to the Daley Center Courthouse, she must drive on the Interstate Highway, locate parking, and walk or take a taxi from her parking spot to the courthouse. (Dkt. #1, ¶20). She alleges that the Defendant's filing of a complaint in the Daley Center rather than in Maywood violates the FDCPA and ICFA. (Dkt. #1, ¶¶ 27, 29 & 34-39).

## ARGUMENT

Count II of Plaintiff's Complaint alleging a claim under the ICFA should be dismissed because the allegations, even taken as true, fail to state a valid claim. F.R.C.P 12(b)(6) provides for dismissal of a complaint when it fails to state a claim upon which relief can be granted. A plaintiff is obligated to provide more than conclusions, and a formulaic recitation of the elements of a cause of action to survive dismissal. *Bell PRA Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). In considering a motion to dismiss, a district court may consider any facts set forth in the complaint that undermines the plaintiff's claim, including exhibits attached to the complaint. *See* Fed. R. Civ. P. 10(c); *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013).

The *Twombly/Iqbal* standard requires a pleading to contain sufficient factual allegations to show a "plausible" claim for relief. *Bissesur v. Indiana Univ. Bd. of Trustees*, 581 F.3d 599, 603 (7th Cir. 2009). In determining "plausibility" the court may disregard conclusory allegations even if they are alleged in the form of factual allegations. *Twombly*, 127 S. Ct. at 1950. ("for the purposes of a motion to dismiss … we are not bound to accept as true a legal conclusion couched as a factual allegation").

**I.     An alleged violation of the FDCPA does not state a claim for a violation of the ICFA.**

Count II fails because an alleged violation of FDCPA does not establish a violation of the ICFA. The ICFA, at 815 ILCS 505/2E and 815 ILCS 505/2Z, provides lists of statutes, the violation of which constitutes a violation of the ICFA per the Illinois legislature. It is an exclusive list. The FDCPA is <u>not</u> one of statutes listed. Therefore, plaintiff's ICFA claim fails because it has no independent basis to survive on its own. *See Chapman v. Ontra, Inc.*, No. 96 C 0019, 1997 WL 321681, at *5 (N.D. Ill. June 6, 1997) citing *Perperas v. United Recovery Systems, Inc.,* 1997 WL 136326, at *4 (N.D.Ill. March 19, 1997)(dismissing ICFA claim with prejudice based on alleged FDCPA claim for failure to allege how the collection conduct was misleading or deceptive).

In *Chapman*, the court dismissed plaintiff's ICFA claim predicated upon an alleged FDCPA violation based upon collection letters. 1997 WL 321681 at *5. The court reasoned that plaintiff failed to allege in what way the letters were deceptive to him, he failed to plead any intent on the part of the defendant that he rely on any misrepresentation, and he failed to allege that he was damaged by any misrepresentations. *Id.*

The Consumer Fraud Act expressly incorporates violations of a number of Illinois laws; the FDCPA is not one of them. *See* 815 ILCS 505/2E; 2Z[1]. Therefore, a violation of the FDCPA must be deceptive or misleading in order to constitute a violation of the ICFA. *Perperas*, 1997 WL 136326

---

[1] 815 ILCS 505/2Z "Violations of other Acts. Any person who knowingly violates the Automotive Repair Act, the Automotive Collision Repair Act, the Home Repair and Remodeling Act, the Dance Studio Act, the Physical Fitness Services Act, the Hearing Instrument Consumer Protection Act, the Illinois Union Label Act, the Job Referral and Job Listing Services Consumer Protection Act, the Travel Promotion Consumer Protection Act, the Credit Services Organizations Act, the Automatic Telephone Dialers Act, the Pay-Per-Call Services Consumer Protection Act, the Telephone Solicitations Act, the Illinois Funeral or Burial Funds Act, the Cemetery Oversight Act, the Cemetery Care Act, the Safe and Hygienic Bed Act, the Pre-Need Cemetery Sales Act, the High Risk Home Loan Act, the Payday Loan Reform Act, the Mortgage Rescue Fraud Act, subsection (a) or (b) of Section 3-10 of the Cigarette Tax Act, subsection (a) or (b) of Section 3-10 of the Cigarette Use Tax Act, the Electronic Mail Act, the Internet Caller Identification Act, paragraph (6) of subsection (k) of Section 6-305 of the Illinois Vehicle Code, Section 11-1431, 18d-115, 18d-120, 18d-125, 18d-135, 18d-150, or 18d-153 of the Illinois Vehicle Code, Article 3 of the Residential Real Property Disclosure Act, the Automatic Contract Renewal Act, or the Personal Information Protection Act commits an unlawful practice within the meaning of this Act."

at *3-4. S*ee also People ex rel. Daley v. Grady,* 192 Ill.App.3d 330, 139 Ill.Dec. 379, 548 N.E.2d 764, 765–66 (1st Dist.1989) (violation of Real Estate License Act not an automatic violation of the ICFA); *Martis v. Pekin Memorial Hospital*, 395 Ill. App. 3d 943 (3d Dist. 2009). *Martis* held:

> The Illinois legislature has identified 29 statutes which, if violated, will constitute an unlawful practice within the meaning of the Consumer Fraud Act. 815 ILCS 505/2Z (West 2006). The Medical Practice Act is not one of the named statutes. See 815 ILCS 505/2Z (West 2006). When certain things are enumerated in a statute, that enumeration implies the exclusion of all other things even if there are no negative words of prohibition. See *People ex rel. Daley v. Grady*, 192 Ill. App. 3d 330, 333, 139 Ill.Dec. 379, 548 N.E.2d 764, 766 (1989) (applying the statutory rule of construction of *expression unius est exclusion alterius* ("the expression of one thing is the exclusion of another") (Black's Law Dictionary 521 (5th ed. 1979))).
>
> Plaintiff claims that defendants' alleged violation of the Medical Practice Act constitutes a violation of the Consumer Fraud Act. We disagree. First, as we have already found, plaintiff failed to state a claim for violation of the Medical Practice Act. Second, even if plaintiff had properly alleged a violation, such a violation does not constitute an unlawful practice. The Medical Practice Act is not included in section 2Z of the Consumer Fraud Act. **If the legislature had intended Medical Practice Act violations to constitute unlawful practices under the Consumer Fraud Act, it could have included them in section 2Z, an unlawful practice cannot be implied, and plaintiff's claim must fail.** [Emphasis added].

*Martis*, 395 Ill.App.3d at 949-50. *See also Aker v. Bureaus Investment Group,* No. 12-3633, slip op. (N.D. Ill. Sept. 29, 2014) ("[T]here is no need to wade into the parties' disputes over whether debt collection activities are subject to regulation under the ICFA and whether Aker was required to plead a "standalone" ICFA violation because the ICAA is not one of the enumerated statutes which automatically trigger the ICFA. On the facts alleged, taken as true, Akers does not state an ICFA claim against Bureau"). Thus, pursuant to Illinois law Count II should be dismissed.

**II.     There was no deceptive act or unfair practice under the ICFA.**

Count II also fails to state a claim because there was no unfair act or deceptive practice under the ICFA. Plaintiff fails to identify any unfair practice or deceptive act taken by Defendant which violated Illinois law. Further, Plaintiff fails to allege with specificity how following Seventh Circuit precedent in *Newsom* amounts to a deceptive act or unfair practice. Finally, even if *Newsom*

4

did not exist, as explained more fully *infra*, Plaintiff's claim still fails under *Suesz* because the court recognized that §1692i is vague and ambiguous such that it cannot support a claim under the ICFA.

The Daley Center courthouse presented a valid venue under Illinois law. Plaintiff does not and cannot allege that Defendant violated any Illinois law by filing the underlying complaint. Thus, Count II fails as a matter of law.

It appears that Plaintiff believes that an alleged violation of FDCPA § 1692i constitutes a violation of the ICFA. As Defendant stated above, Plaintiff's argument fails as a matter of law. However, even if Plaintiff properly pled a violation of the ICFA by alleging a violation of the FDCPA, Plaintiff's claim still fails because on Plaintiff's best day, the claim amounts to a legitimate dispute over an ambiguous law.

There is no question that Defendants complied with Seventh Circuit law under *Newsom v. Friedman,* 76 F.3d 813 (7th Cir. 1996) at the time Defendants filed suit against Plaintiff in the Daley Center Courthouse. In *Newsom v. Friedman,* the Seventh Circuit interpreted "judicial district" and held that the intra-county districts used to delineate the venue of small claims cases in Illinois's Cook County Circuit were not separate "judicial districts" for purposes of §1692i. 76 F. 3d at 820. Rather, the entire Cook County is the relevant district to bring legal action against a debtor and that a "municipal department district" of the Cook County Circuit Court in Illinois is not a "judicial district" under § 1692i. *Id.* at 819. Thus, under *Newsom,* § 1692i of the FDCPA allowed a debt collector to file a collection action in any division of the Circuit Court of Cook County so long as the debtor resided or signed the contract within Cook County. Relying upon *Newsom's* guidance, the small claims collection action at issue here was filed in Cook County's Municipal One division. Thus, Count II fails as a matter of law.

Additionally, even if the Court finds that Defendants somehow committed an unfair or deceptive act by following *Newsom*, the language in *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636 (7th Cir. 2014), which may overrule *Newsom*, shows that Count II fails as a matter of law. The *Suesz* court held that the phrase "judicial district" as it is used in FDCPA § 1692i is vague and ambiguous. 757 F.3d at 639 ("Unfortunately the key statutory term—"judicial district"—is vague. The FDCPA does

5

not define it, and as we explain below the phrase has no general definition or meaning that can resolve this dispute").

Thus, even if *Newsom* did not exist, Plaintiff's claim under the ICFA still fails because at the very least there was a legitimate disagreement about a vague and ambiguous statute. *See Stern v. Norwest Mortgage, Inc.*, 284 Ill. App. 3d 506, 512-513 (1st Dist. 1996); *Lee v. Nationwide Cassel, L.P.*, 174 Ill.2d 540, 550-551 (1996); *Cahnman v. Agency Rent-A-Car System, Inc.*, 299 Ill. App. 3d 54, 58-59 (1st Dist. 1998).

In *Stern v. Norwest Mortgage, Inc.*, the plaintiff engaged in novel statutory interpretation and argued that a violation of the largely unconstrued Mortgage Escrow Account Act constituted a violation of the ICFA. 284 Ill.App.3d 506, 512-513 (1st Dist. 1996). The trial court dismissed the claim and the appellate court affirmed, holding that the ICFA only prohibits deception not error, and where a claim is based upon legitimate disagreement over statutory language, no "deceptive act or practice" exists. *Id.*

Similarly, in *Lee v. Nationwide Cassel, L.P*, the plaintiff argued that a violation of the largely unconstrued Motor Vehicle Retail Sales Act constituted a violation of the ICFA. 174 Ill.2d 540, 550-551 (1996). The trial court dismissed the claim and the Illinois Supreme Court affirmed, holding that there can be no ICFA claim based upon an allegedly erroneous interpretation of a statute. *Id.; see also Cahnman, v. Agency Rent-A-Car System, Inc.*, 299 Ill. App. 3d 54, 58-59 (1st Dist. 1998)(where statutory interpretations or questions of law are unsettled, or where parties disagree about the effect of an unconstrued statute, no violation of the ICFA can be plead.)

The holding in *Stern* shows that when there is a legitimate disagreement, there is no ICFA claim based upon deception or an unfair practice:

> We cannot say that plaintiffs have stated a cognizable cause of action under the Consumer Fraud Act. The parties have had a legitimate disagreement over the implications of section 6 of the act. While defendant has urged upon us a position with which we do not agree, we cannot say that such a position is the result of any "unfair or deceptive acts or practices" nor can the acts of defendant be characterized as "fraud, false pretense, false promise" or concealment of any material fact. *Stern*, 284 Ill.App.3d at 512.

6

There is no fraud when parties legitimately disagree about the effect of a statute with little case law. *See Id.* To state a claim under the ICFA, "there must be a claim seated in deceptive acts rather than a reasonable difference of opinion as to the meaning of an act of the Illinois General Assembly." *Stern*, 284 Ill. App. 3d at 513; *Cahnman*, 299 Ill. App. 3d at 59.

As a result, Count II fails because Defendant did not violate any Illinois law, Defendant followed Seventh Circuit precedent in *Newsom*, and even if *Newsome* never existed, Plaintiff's claim still fails because a vague and ambiguous statute cannot support an ICFA claim.

### III. Plaintiff fails to allege the ICFA claim with specificity, as she has no damages

Plaintiff's complaint lacks specific factual allegations that are required to state an ICFA claim. The amended complaint fails to allege *with specificity* any facts regarding deception, intent, reliance or damages. Plaintiff has failed to allege any communication *with defendant PRA* at all. The required ICFA elements cannot just be glossed over.

#### 1. There Is No Proximate Cause.

In order to state an ICFA claim, plaintiff must also allege with specificity that the conduct at issue proximately caused actual damages. 815 ILCS 505/10(a); *Avery v. State Farm Mut., Ins., Co.,* 216 Ill.2d 100, 195-97 (2005). "Proximate causation is an element of all private causes of action under the Act [CFA]." *Avery*, 216 Ill.2d at 200. To maintain an action under the ICFA, plaintiff must actually be deceived by a statement or omission that is made by the defendant. *De Bouse v. Bayer*, 235 Ill.2d 544, 554 (2009).

Plaintiff fails to allege with specificity any facts regarding how she was deceived by defendant or anyone else in this case. In reality, Plaintiff fails to allege any direct communication with the defendant at all. ICFA liability must be premised on direct participation in the alleged deceptive act and derivative or vicarious liability is not permitted. *See Jackson v. South Holland Dodge, Inc.*, 197 Ill.2d 39 (2001); *Zekman v. Direct Am. Marketers, Inc.*, 182 Ill.2d 359 (1988). Plaintiff fails to allege how or why the filing of the collection action in the Richard J. Daley Center Courthouse deceived her and

7

that she then suffered actual damages proximately caused by that alleged deception. Therefore, Plaintiff fails to allege a violation of the ICFA.

### 2. There Are No Actual Damages.

In order to state an ICFA claim, plaintiff must also allege specific actual damages proximately caused by the defendant which must arise from purely economic injuries. *Cooney v. Chicago Public Schools*, 407 Ill. App. 3d 358, 365-66 (1st Dist. 2010). Here, Plaintiff fails to allege *with specificity* how, when or why she suffered actual damages.

The Complaint only alleges in conclusory fashion that Plaintiff suffered damages because she may have had to drive to the Daley Center and locate "expensive parking." (Dkt. #1, ¶¶ 20-21.) Failure to allege actual damages in the form of specific economic injuries is fatal to an ICFA claim and warrants dismissal. *See Aker v. Bureaus Investment Group,* No. 12-3633, slip op. (N.D. Ill. Sept. 29, 2014) ("Another glaring defect in the ICFA claim is Aker's failure to plead any actual damage resulting from the allegedly unfair business practice"); *Camasta v. Jos. A. Bank Clothiers, Inc.*, No. 13-2831, 2014 WL 3765935, at *4 (7th Cir. 2014)("When the plaintiff is a private party as Camasta is here, an action brought under the ICFA requires the plaintiff to show he suffered 'actual damage' as a result of the defendant's violation of the act"), citing 815 ILCS 505/10a, *Kim v. Carter's Inc.,* 598 F.3d 362, 365 (7th Cir. 2010)(In a private ICFA action, the element of actual damages "requires that the plaintiff suffer actual pecuniary loss"), *Mulligan v. QVC, Inc.,* 888 N.E.2d 1190, 1196 (Ill. App.Ct. 2008).

In *Aker v. Bureaus Investment Group,* No. 12-3633, slip op. (N.D. Ill. 12-3633 Sept. 29, 2014), the court explained:

> Aker alleges only that the letter 'caused her to be confused, harassed, annoyed, and distressed.' These damages are not pecuniary in nature and therefore they cannot, on their own, support a claim under the ICFA.

8

*Aker,* slip op. at p. 14, citing, *Morris v. Harvey Cycle & Camper*, 911 N.E.2d 1049, 1053, 392 Ill. App. 3d 399, 402 (Ill. App. Ct. 2009) ("The failure to allege specific, actual damages precludes a claim brought under the Consumer Fraud Act. . . . Here, plaintiff did not allege actual damages in the form of specific economic injuries. She alleged only emotional damages. For this reason, the trial court correctly dismissed plaintiff's count I for relief under the Consumer Fraud Act.").

Plaintiff's allegations are not an actual damage arising from an economic *injury*. As a result, Plaintiff has not pled actual damages and Count II should be dismissed.

**IV. Court litigation is not trade or commerce, and therefore, Plaintiff's ICFA claim should be dismissed.**

The entirety of Plaintiff's ICFA claim is based upon the filing of a lawsuit, and therefore, Plaintiff fails to state a valid ICFA claim. To state a claim under ICFA a plaintiff must allege: 1) a deceptive act or practice by the defendant; 2) the defendant's intent that plaintiff rely on the deception; 3) that the deception occurred in the course of conduct of trade or commerce; 4) actual damage to the plaintiff; and 5) that the damage was proximately caused by the defendant. *Pirelli Armstrong Tire Corp. v. Walgreen Co.*, 2009 WL 2777995, at *4 (N.D. Ill. Aug. 31, 2009). Plaintiff's claim fails to allege the third pleading requirement, that the allege deception "occurred in the course of conduct of trade or commerce."

Litigation is not trade or commerce as defined by the ICFA. The ICFA defines "trade" and "commerce" as:

> the advertising, offering for sale, sale, or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situated, and shall include any trade or commerce directly or indirectly affecting the people of this State. 815 ILCS 505/1(f).

Plaintiff's ICFA claim should be dismissed because it is based upon the filing of a collection action and the venue in which the suit was filed, which is litigation, and such conduct does not qualify as trade or commerce. *See Genschorck v. Suttell & Hammer, P.S.*, 2013 WL 6118678 (E.D. Wash. Nov.

9

2013) (holding the filing of a wrongful wage garnishment is not trade or commerce, so it is not governed by the consumer protection act). Plaintiff does not allege that defendant advertised anything, offered anything for sale, sold anything or distributed anything in Illinois. *See Bennett v. Ford Motor Co.*, 2008 WL 4000558, *3, (W.D. Ky. Aug. 25, 2008) (Kentucky consumer protection act does not govern acts during to the course of litigation because such conduct is not trade or commerce under the consumer protection act). The Complaint does not allege that PRA ever contacted Plaintiff except through its attorneys. In fact, all interaction between Plaintiff and PRA alleged in Plaintiff's Complaint occurred through PRA's attorneys within Illinois' heavily regulated court process. PRA's conduct as alleged in Plaintiff's Complaint arose solely out of litigation, and in the absence of "trade or commerce." Thus, Plaintiff cannot sustain an actionable ICFA claim.

Further, the filing of a collection lawsuit and the allegations contained therein cannot be the basis for a consumer fraud claim because the conduct giving rise to Plaintiff's claim (i.e. filing the collection suit against Plaintiff) is protected by the litigation privilege. *PSN Illinois, Inc. v. Ivoclar Vivadent, Inc.*, 2005 WL 2347209, at *6 (N.D. Ill. Sept. 21, 2005) (in dismissing Ivoclar's counterclaim for an alleged violation of the ICFA, the court held that "the litigation privilege also precludes Ivoclar's deceptive trade practices claim based on statements made in the course of litigation"); *see also Milliken & Co. v. Duro Textiles, LLC*, 451 Mass. 547, 564 (2008) (filing of a complaint is not trade or commerce and that trade or commerce is not established when the parties' only contact occurred during the court of litigation).

Dismissal of the ICFA claim comports with Illinois law, as filing a lawsuit is subject to an "absolute privilege." *Steffes v. Stepan Co.*, No. 96 C 8225, 1997 WL 305306, at *4 (N.D. Ill. May 30, 1997) *aff'd on other grounds*, 144 F.3d 1070 (7th Cir. 1998) ("Illinois law recognizes an absolute litigation privilege which protects anything said or written in the course of a legal proceeding."). As such, statements made by a party or counsel in the institution of or during the course of a judicial

proceeding are absolutely privileged in order to secure for attorneys as officers of the court the utmost freedom in representing clients. *Wilton Partners III, LLC v. Gallagher*, No. 03 C 1519, 2003 WL 22880834, at *4 (N.D. Ill. Dec. 5, 2003); *Libco Corp. v. Adams,* 100 Ill.App.3d 314, 317, 55 Ill.Dec. 805, 426 N.E.2d 1130, 1132 (1st Dist.1981). "Free access to the Courts as a means of settling private claims or disputes is a fundamental component of our judicial system, and courts should be open to litigants for the settlement of their rights without fear of prosecution for calling upon the courts to determine such rights . . . This same public interest demands that we reject any effort to extend tort liability for the wrongful filing of a lawsuit beyond the ambit of an action for malicious prosecution or abuse of process." *Havoco of America, Ltd. v. Hollobow,* 702 F.2d 643, 647 (7th Cir. 1983), quoting, *Lyddon v. Shaw,* 56 Ill.App.3d 815, 821 (2d Dist. 1978).

In fact, the absolute privilege is afforded even when malice is assumed to have motivated the attorney. *Scheib v. Grant,* 22 F.3d 149, 156 (7th Cir.), *cert. denied,* 513 U.S. 929, 115 S.Ct. 320, 130 L.Ed.2d 280 (1994). All doubts are to be resolved in favor of finding that the privilege applies. *American,* 884 F. Supp. at 1396; *Skopp,* 136 Ill.Dec. 832, 545 N.E.2d at 361.

Contrary to the law, Plaintiff here attempts to state a claim based upon the institution of a court proceeding. Plaintiff alleges that PRA filed a lawsuit against her in an improper venue. There is no other basis for her ICFA claim, and thus it should be dismissed based upon the litigation privilege. *See Zanders v. Jones,* 680 F. Supp. 1236 (N.D.Ill.1988) (explaining that "anything said or written in the course of a legal proceeding is protected by an absolute privilege").

Other states similarly adhere to this principle, further underscoring the impropriety of Plaintiff's ICFA claim. For instance, Florida follows a similar absolute privilege. In fact, its highest Court held that the litigation privilege applies to lawsuits filed by collection agencies. *Echevarria v. Cole*, 950 So.2d 380 (Fla. 2007). In *Echevarria*, the plaintiff alleged that the defendant improperly sought to collect a debt in violation of the Florida Consumer Collection Practices Act. *Id.* at 381-82.

11

The court explained that "the rationale behind the immunity afforded to defamatory statements is equally applicable to *other misconduct* occurring during the course of a judicial proceeding." *Id.* at 384, quoting *Levin v. U.S. Fire Ins. Co.*, 639 So.2d 606, 608 (Fla. 1994). The *Echevarria* court held that "the nature of the underlying dispute simply does not matter" because the privilege applies across the board to any action whether it be brought pursuant to common law, a statute or have some other origin. *Id.*; *see also Perez v. Bureaus Investment Group, No. II, LLC*, 2009 WL 1973476 (S.D. Fla. Jul. 8, 2009) (granting defendant's motion to dismiss based upon the litigation privilege because plaintiff's claims are based upon defendant's filing a collection lawsuit against plaintiff).

Here, Plaintiff's ICFA claim is grounded solely in the collection suit filed against her. Because this conduct itself is a judicial proceeding, it is axiomatic that it falls squarely within "the course of a legal proceeding." *Steffes*, 1997 WL 305306, at *4. Thus, the litigation privilege and the fact that the litigation itself is not trade or commerce are grounds for dismissal of Plaintiff's ICFA claim with prejudice.

WHEREFORE, Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, respectfully requests this Court to dismiss Count II of Plaintiff's Complaint with prejudice.

                                                  Respectfully submitted,

                                                  PORTFOLIO RECOVERY ASSOCIATES, LLC, Defendant

                                                  */s/ Lindsey A.L. Conley*
                                                  Lindsey A.L. Conley

David M. Schultz
Avanti D. Bakane
Lindsey A.L. Conley
Hinshaw & Culbertson LLP
222 N. LaSalle Street, Suite 300
Chicago, IL 60601
Telephone: 312-704-3000
Facsimile: 312-704-3001
E-mail: dschultz@hinshawlaw.com
E-mail:abakane@hinshawlaw.com

130996564v1 0968309

E-mail: lconley@hinshawlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2015, I electronically filed with the Clerk of the U.S. District Court, Northern District of Illinois Eastern Division, the foregoing **Portfolio Recovery Associates, LLC's Memorandum of Law in Support of its Motion to Dismiss Count II** by using the CM/ECF system, which will send notification of such filing(s) to:

Penelope N. Bach
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oakbrook, IL 60523
E-mail: pnbach@sulaimanlaw.com

*/s/ Lindsey A.L. Conley*